## Chicago, C. C. & St. L. Ry. Co. and P. & E. Ry. Co. v. John Bozarth.

1. WAIVER—*Filing an Amended Plea After a Demurrer Sustained.*— Filing an amended plea after a demurrer has been sustained operates as a confession of the demurrer and a waiver of the former plea, and the pleader can not be heard to assign error upon such ruling of the court.

2. AMENDMENTS—*Statute to be Liberally Construed.*—The statute of

amendments is intended to be and is liberal, and designed to give litigants an opportunity to frame pleadings as they may be advised.

3. COMMON CARRIERS—*Contracts with Consignees to Present Claims for Damages Within a Certain Time, Binding.*—A contract between a common carrier and a shipper requiring him to make claims for loss or damage in writing, verified by affidavit, and present the same within five days, when voluntarily and understandingly entered into, is binding upon such shipper.

4. CONTRACTS—*Between Carrier and Shipper.*—A common carrier may, by contract fairly entered into, limit the time within which claims for damages for injuries to consignments shall be made, provided such time and conditions are reasonable.

5. PRACTICE—*As to Pleas Amounting to the General Issue.*—An objection that a plea amounts to the general issue is available only when the general issue has been filed.

6. SAME—*Judgments Nil Dicet—When the Proper Form.*—Judgment *nil dicet* is the proper form after appearance by plea, and demurrer sustained to it, where the defendant abides by his plea.

7. SAME—*Judgment by Default—When the Proper Form.*—A judgment by default is the correct form where there has been no appearance by the defendant in the suit.

**Action on the Case,** for negligence. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed September 11, 1900.

A. E. DeMANGE, attorney for appellants.

A contract limiting the time within which a claim for damages shall be made, is reasonable, and when pleaded and proved, constitutes a meritorious defense. C. & A. R. R. Co. v. Sims, 18 Ill. App. 68; W., St. L. & P. Ry. v. Black, 11 Ill. App. 465.

DOOLEY & DOOLEY, attorneys for appellee.

Special contracts limiting the common law liability of carriers, are in derogation of the common law, and are to be construed most strongly against the carrier, in so far as they operate to relieve him from liability; any ambiguity in them is to be solved in favor of the shipper. 5 Am. & Eng. Ency. of Law (2d Ed.), 335–6 and note 1.

MR. JUSTICE WRIGHT delivered the opinion of the court. This was an action on the case by appellee against

appellants, as common carriers, charging them with negligence. In his declaration appellee charged in substance that his car of seventy-four hogs was delivered to appellant at Gillum, Illinois, October 4, 1898, in time for appellant's regular stock train, to be carried to Chicago, via the Wabash railroad, connecting with the latter at Mansfield, Ill.; that appellant failed to notify the Wabash agent at Mansfield, in consequence of which appellant's stock train missed the Wabash stock train by five minutes, which resulted in appellee's hogs remaining in Mansfield for twelve hours, causing them to arrive in Chicago October 5th, the day following the shipment, but an hour too late for the market of that day, resulting in damage to appellee of $52.50. Appellants filed a special plea to the declaration alleging that the hogs were accepted by appellant under contract signed by both parties, wherein it is recited that if by negligence of appellant or its connecting carrier, the hogs were delayed in transit, no claim for damages occasioned thereby should be allowed or paid, or sued for in any court, unless such claim should be made in writing, verified by affidavit of the claimant or his agent, and delivered to appellant, or, if the damage should be suffered on the line of the connecting carrier, then to it within five days from the time the hogs were received from the car; that the hogs were delivered in Chicago to the consignee named in the contract on October 5, 1898, and no claim for loss or damage thereon was made to appellant within the following five days, and not until fifteen days thereafter. The court sustained a demurrer to this plea, whereupon appellant by leave of the court filed an amended plea, in all respects like the original, with the added averment that thereby the plaintiff's alleged cause of action became and was barred. The court on motion of plaintiff struck the amended plea from the files and ruled defendant to plead by the first day of the November term, 1899, at which time, by leave of the court, defendants refiled their amended special plea, which the court again, upon the motion of plaintiff, ordered stricken from the files, to which last order the defendant excepted, and duly preserved the ruling of the court upon the motion

to strike the amended plea from the files by bill of exceptions. Defendants were then defaulted and damages assessed against them for $52.50, and final judgment accordingly, from which judgment appellants bring this appeal, and to effect a reversal of such judgment insist the court erred in (1) sustaining demurrer to original plea, (2) striking amended special plea from files upon appellee's motion, (3) striking the amended special plea from the files after leave to refile it, (4) defaulting defendants after striking its plea from the files without ruling them to plead, and (5) in rendering judgment by default against appellants.

After the demurrer to the original plea was sustained, appellants obtained leave of the court to file an amended plea. By the well settled and uniform practice this operated as a confession of the demurrer and a waiver of the former plea, and the appellants can not now be heard to assign error upon such ruling of the court. No bill of exceptions having been taken to preserve appellee's motion to strike the amended plea and the ruling of the court by which such motion was sustained and the plea stricken from the files, we must presume the court had good grounds for its action and therefore that assignment of error is unavailing to appellants. The same amended plea, however, was by leave of the court, refiled, and the court upon motion of appellee struck the same from the files, which motion and ruling was duly preserved by bill of exceptions, and hence the propriety of that action of the court is thereby properly brought before us for review, and as no other reason is apparent we assume the court sustained such motion because the amended plea is substantially the same as the original plea; and while this may be true, it was yet slightly amended, and in that respect differed from the original plea. The statute of amendments is intended to be and is liberal, and designed to give litigants an opportunity to frame pleading as they may be advised, and hence we think the court erred in declining to consider the plea as an amended plea and in striking it from the files, and if such error has resulted prejudicially to appellants the judgment should for such reason be reversed, and this point can only

be adjudged by determining whether the plea presents a valid defense to the action.

In Black v. W., St. L. & P. Ry. Co., 111 Ill. 357, where a contract like the one in question, requiring the shipper to make claim for such loss or damage in writing verified by affidavit, and deliver to the general freight agent at his office in St. Louis within five days from the time the stock is removed from the cars, the court said it had no hesitancy in holding such a stipulation, when voluntarily and understandingly entered into by the shipper, is binding upon him. The manifest object of such a provision is to force those claiming to be damaged by the carrier's negligence to promptly present their claims for adjustment, while the facts and circumstances upon which they are based are fresh in the memories of parties and witnesses, and to prevent being harassed or imposed upon by dishonest claimants. And again in Baxter v. L., N. A. & C. Ry. Co., 165 Ill. 80, it was held that it is the settled law that a common carrier, by a contract with the shipper fairly entered into, may limit the time within which claims for damages for injury to the goods shipped shall be made, provided the time and conditions made in the requirement are reasonable.

Whether this contract is a reasonable one, under the authorities, does not arise upon the face of the plea as presented by the motion to strike it from the files, but no doubt it may be raised in some appropriate manner, for it is said in the case last cited that the question of reasonableness, it appears from the authorities generally, must be determined from all the facts and circumstances of each particular case, and hence decisions are found holding substantially the same provision valid under one state of facts and invalid under another and different state of facts. The only question we are required to determine upon the face of the plea, and that is all we decide, is whether *prima facie* it presents a defense to the cause of action stated in the declaration, and under the authorities cited we think it does, and we are of the opinion that the insistence of counsel for appellee that it fails to answer the whole declaration is without force.

It is also contended by counsel for appellee that the plea amounts to the general issue, or if the general issue had been pleaded, as it was not, the special contract may have been availed of as matter of defense, if it was valid as such. This contention may be right, but the answer is that no other plea was filed; and if, then, the plea that was filed was equivalent to the general issue, it was a good plea and should not be stricken from the files. The better rule, we think, is, or ought to be, that an objection to a special plea because it amounts to the general issue, is available only when the general issue has been filed, under the principle that if the pleas allowed to stand are sufficient to introduce every valid, existing defense, no harmful results can follow if all other pleas are stricken from the files. It is also insisted by counsel for appellants that the court erred in entering default and judgment, after the plea was stricken from the files, without first ruling the defendant to plead. There is no force in this. If defendants desired to plead further they should have asked the court for leave to do so. And it is also said that the judgment by default was erroneous. No doubt can be entertained that a judgment by default after appearance by demurrer or plea is improper and irregular; the proper form in such condition is judgment by *nil dicit*, or for want of a plea. A judgment by default is correct form only where there has been no appearance. It is a judgment in default of appearance. Fanning v. Russell, 94 Ill. 386. These forms, however, are technical, we think, and the failure to observe them produces mere irregularities, and seldom become harmful errors, for which a judgment should be reversed.

We are of the opinion the amended plea upon its face presented a good defense to the declaration and that it was error to sustain appellee's motion and order the amended plea stricken from the files, and for this error the judgment of the Circuit Court will be reversed and the cause remanded, with directions to overrule the motion of appellee to strike the amended plea from the files. Reversed and remanded.